HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
FRANCINE ZEPEDA, Bar #091175
ANDRAS FARKAS, Bar #254302
Assistant Federal Defenders
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
KATHLEEN CHAPIN-ASHCRAFT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> KATHLEEN CHAPIN-ASHCRAFT, <br><br> *Defendant.* | No. 1:13-cr-0270 LJO <br><br> NOTICE OF MOTION AND MOTION FOR BAIL PENDING APPEAL; MOTION TO EXTEND TIME TO FILE OPENING BRIEF WITH ORDER <br><br> Judge: Honorable Lawrence J. O'Neill |

The defendant, Kathleen Chapin-Ashcraft, through counsel, hereby requests for bail pending appeal from her sentencing and conviction. This motion will be based upon the Points and Authorities on file herein, upon the files and records in the instant case.

**PROCEDURAL FACTS**

Kathleen Chapin-Ashcraft was charged with 1) operating a motor vehicle while under the influence of a drug, 2) driving a vehicle in wilful or wanton disregard for the safety of persons, 3) stopping a vehicle upon a park road, 4) failure to comply with the directions of a traffic control device, 5) failure to comply with the directions of a traffic control device in the Yosemite Division, Eastern District of California. On March 21, 2012, Chapin-Ashcraft entered a guilty plea to all counts. On July 31, 2013, she was sentenced to two years probation, 27 days in the custody of the Bureau of Prisons and a $250 penalty assessment.

On September 28, 2012, Chapin-Ashcraft was charged with in a petition alleging two charges, violating her probation. On January 29, 2013, the matter was heard by the Court and she was found in

violation of one charge. Sentencing was held on June 19, 2013. The Court imposed a sentence of ninety days in the custody of the BOP. Notice of appeal was filed on June 27, 2013. Her report date to the prison to serve the ninety (90) day sentence is August 21, 2013, at the Kern County Correctional Facility at Lerdo.

At the same time, the Court scheduled a hearing on a related violation of probation which was discovered during the hearing on January 29, 2013. On July 24, 2013, Chapin-Ashcraft admitted the violation. The Court set disposition on that violation for September 24, 2013.

## POINTS AND AUTHORITIES

### A.   Defendant Requests Bail Pending Appeal

In order for a defendant to be released pending appeal, the Court must find, by clear and convincing evidence, that (1) the defendant is unlikely to flee or pose a danger to others of the community if released, (2) the appeal is not for the purpose of delay and (3) the appeal raises a substantial question or law or fact likely to result in reversal, a new trial, a sentence excluding imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. §3143(b)

In considering the first factor it seems beyond dispute that the defendant is not likely to flee or pose a danger to the community. She was never detained prior to her guilty plea, self-reported for her sentence in October 2012, and has been on supervised release during the pendency of the violation hearing and sentence. Ms. Chapin Ashcraft is not likely to flee now or to be a danger to the community. At the latest hearing, she appeared and was not detained pending the new sentencing hearing. Additionally, Chapin-Ashcraft is pending a second disposition for probation violation on September 24, 2013.

In determining the issue regarding whether the appeal raises a substantial question of law and fact which may result in a sentence which excludes a sentence of imprisonment. Ms. Chapin Ashcraft is of the belief that it does. The Ninth Circuit court follows a liberal view in determining whether a "substantial question" exists. Substantial questions are those that are fairly debatable or doubtful, including questions which are novel and not obviously and readily answerable. United States v. Handy, 761 F2d 1279 (9th Cir. 1985). The United States Supreme Court also employs the "fairly debatable" definition. In a habeas

1  appeal, the court defined substantial question as one that is "debatable among jurists." Barefoot v. Estelle,
2  463 U.S. 880, 893, note 4 (1983).
3      In this circumstance, it is possible that the defendant may be sentenced to a term of less than the
4  ninety (90) days and it would make it unlikely that if she was to get any relief on appeal that it would
5  happen before she had finished serving his sentence particular when good time credits are counted.
6  Therefore, the defendant request the court to find his appeal presents a substantial issue.

7  **B.    Defense Counsel Requests an Extension of Time to File the Opening Brief**

8      Defense counsel was assigned this case due to the departure of Ms. Chapin's previous attorney,
9  Francine Zepeda, from the Office of the Federal Defender.  In addition to the appeal, defense counsel has a
10 felony and misdemeanor case-load, is scheduled to be the FDO duty attorney next week, and is preparing
11 for a jury trial in October.  Defense counsel needs time to review the transcripts and the voluminous file
12 and to discuss the case with the client.  A two-week extension to file the opening brief is requested.
13 The Government does not object to Ms. Chapin's request for an extension.

### CONCLUSION

15      For the above stated reasons, and in order to preserve her right to appeal, given the length of
16 sentence, the court should allow Ms. Chapin-Ashcraft on her own recognizance pending completion of her
17 appeal.  In addition, the Court should grant Ms. Chapin-Ashcraft's request for an extension of time to file
18 her opening brief.

20 Dated:  August 2, 2013                                  Respectfully submitted,

21                                                         HEATHER E. WILLIAMS
                                                           Federal Defender

23                                                         /s/ *Andras Farkas*
                                                           ANDRAS FARKAS
                                                           Assistant Federal Defender
24                                                         Attorney for Defendant
                                                           KATHLEEN CHAPIN-ASHCRAFT

**ORDER**

It is hereby ordered that appellant's request for an extension of time to file an opening brief is granted. The new briefing schedule is as follows: Appellant's opening brief is due August 22nd; appellee's brief is due twenty-one (21) days after the filing and service of appellant's brief; appellant may serve and file a reply brief within seven (7) court days after service of the appellee's brief.

On the issue of bail pending appeal, the Court requests that a responsive pleading be filed by the Governments on or before noon on Wednesday, August 6, 2013, stating its position and reasons therefore.

IT IS SO ORDERED.

**Dated:   August 3, 2013**              **/s/  Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE